UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVA FORBA,<br><br>　　Plaintiff,<br><br>v.<br><br>FARRINGTON PLACE.,<br><br>　　Defendants. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES Plaintiff, Eva Forba, by and through her attorneys, Christi Wallace, Esquire, and Stephen H. Franko, IV, Esquire and files this Complaint alleging as follows:

## I. Nature of the Action

1.　Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e and the Pennsylvania Human Relations Act (PHRA), 43 P.S. §951-963.  Plaintiff was subjected to sex discrimination, sexual harassment, and a hostile work environment.  Plaintiff was constructively discharged after the Defendant refused to address the discrimination.

## II. Jurisdiction and Venue

2. This action arises under Title VII, 42 U.S.C. §2000e. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331

3. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Middle Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, Eva Forba ("Plaintiff"), is an adult individual residing at 927 High Street, Williamsport, PA 17701.

6. Defendant, Farrington Place ("Defendant"), is a business with a location at 416 W. 3rd St., Williamsport PA, 17701.

### IV. Facts

7. Plaintiff became employed with Defendant on July 18, 2015.

8. Plaintiff held the position of janitor.

9. Defendant subjected Plaintiff to sexual harassment and a hostile work environment from day one of her employment via Sam Thomas (Mr. Thomas), Head Cook.

a. Within three days of starting her employment, Mr. Thomas started harassing Plaintiff. He would make regular inappropriate gestures.

   i. He would push his ass back in the old kitchen area so Plaintiff would be stuck between the dishes and his ass.

   ii. He'd also try fondling Plaintiff when she would have to pass him for something.

b. Mr. Thomas also made inappropriate verbal comments on a daily basis. For example:

   i. "Mmm let me get a piece of that ass."

   ii. "Oh I want that ass."

   iii. "Guess what I could do with that ass?"

   iv. Why aren't you wearing those sexy jeans? They show your ass more."

   v. "I wouldn't know what to do with all that."

c. Mr. Thomas also physically assaulted Plaintiff on numerous occasions. For example:

   i. On July 13, 2015, he purposely touched Plaintiff's breasts.

      1. Plaintiff just started in Farrington and was cleaning up from a wedding that Farrington had for a customer.

      2. As Plaintiff was taking dishes outside, Mr. Thomas passed her in the hallway and intentionally smacked her ass.

  ii. Every time Plaintiff walked into an area where Mr. Thomas was, he would intentionally brush up against her and pretend it was an accident.

  iii. On July 30, 2015, Plaintiff was walking through the warehouse taking bags out of the garbage cans when Mr. Thomas grabbed her butt.

  iv. Mr. Thomas would grab Plaintiff and press his body against her breasts.

  v. On August 5-8, 2015, Plaintiff had her appendix out and Mr. Thomas came to visit her.

      1. Mr. Thomas groped Plaintiff while her husband was asleep in the chair next to her bed. For Plaintiff, the harassment continued outside of work.

10. On August 12, 2015, Plaintiff went to Lance Falkowski (Mr. Falkowski), Supervisor, and told him everything that was happening. Mr. Falkowski just laughed it off and said, "Oh that's just Sam."

11. Plaintiff then complained to the Owners of the business: Anna and Eric.

  a. Anna brushed it off, stated, "That's how Sam is," and walked away.

    b. Eric giggled at Plaintiff and said, "That is how Sam is."

12. Nothing was done at this point so Plaintiff let it go, thinking it would stop. After two weeks, however, nothing had changed.

13. All of the employees, including Plaintiff's husband who also worked there, knew what was going on with Mr. Thomas.

14. Since Plaintiff's Employer refused to address the situation, Plaintiff tried to address it herself.

    a. Plaintiff tried to avoid Mr. Thomas as much as possible but anytime she would try to walk through the kitchen he would block her and not let her through.

        i. Mr. Thomas would continue to say things such as, "I'd love to do something with that body" or "I love that ass."

    b. Plaintiff went so far as to try changing her schedule.

        i. Plaintiff would work and try to leave before Mr. Thomas showed up.

        ii. It worked for a few days but was not a permanent solution to her problems.

        iii. The harassment and hostile work environment continued.

15. On August 26, 2015, Plaintiff went to work and Mr. Thomas came into the kitchen while she was prepping for a party. Mr. Thomas then attempted to grab Plaintiff so he could get closer and feel her up.

16. On August 27, 2015, Mr. Thomas was not at work.

17. On August 28, 2015, Plaintiff could not take another day of harassment so she called off. Plaintiff knew Mr. Thomas would be there and she couldn't tolerate the way he treated her and collusion of Defendant:

   a. Plaintiff would tell Mr. Thomas "NO!" every single time he harassed her but the harassment continued.

   b. Plaintiff told Mr. Falkowski about Mr. Thomas and he did nothing.

   c. Plaintiff told Eric and Anna about it and they laughed her off. They did absolutely nothing to assist Plaintiff.

18. Plaintiff was forced to either quit or be subjected to continual harassment every day.

19. On August 28, 2015, Plaintiff was constructively discharged after facing rampant sexual harassment, discrimination and a hostile work environment.

## V. Allegations

### Count I
**Sex Discrimination, Sexual Harassment and Hostile Work Environment**

20. Paragraphs 1-19 are incorporated herein by reference as though set forth in full.

21. Plaintiff's protected class is Sex

22. Plaintiff is female.

23. Plaintiff was fully qualified to do her job.

24. Defendants engaged in the following unlawful discrimination in violation of Title VII and the PHRA:

   a. Plaintiff was subjected to sexual harassment and a hostile work environment.

      i. Mr. Thomas would make gestures such as:

         1. He would push his ass back in the old kitchen area where Plaintiff was stuck between the dishes and his ass.

         2. Mr. Thomas would try fondling Plaintiff when she would have to pass him.

      ii. Mr. Thomas would also say things like:

         1. "Mmm let me get a piece of that ass."

         2. "Oh I want that ass."

         3. "Guess what I could do with that ass."

         4. "Why aren't you wearing those sexy jeans? They show your ass more."

         5. "I wouldn't know what to do with all that."

      iii. Mr. Thomas would also physically assault Plaintiff regularly:

    1. On July 13, 2015, Mr. Thomas purposely touched Plaintiff's breasts.

    2. Every time Plaintiff would walk into the kitchen area, Mr. Thomas would brush up against her and pretend it was an accident.

    3. On July 30, 2015, Mr. Thomas grabbed Plaintiff's butt when she was walking through the warehouse taking bags out of the garbage cans.

    4. Mr. Thomas would hug Plaintiff and press his body against her breasts

    5. On August 5-8, 2015, Plaintiff had her appendix out and Mr. Thomas came to the hospital to sexually harass her. While Plaintiff's husband was asleep in the chair next to Plaintiff's bed, Mr. Thomas groped Plaintiff.

iv. Plaintiff brought this harassment to Defendant's attention numerous times:

    1. On August 12, 2015, Plaintiff went to Mr. Falkowski and told him exactly what was happening. Mr. Falkowski laughed it off and said, "Oh, that's just Sam."

    2. About two weeks later, Plaintiff saw Anna in the warehouse and stopped her to tell her what was going on. She said, "That's how Sam is," and walked away.

    3. Plaintiff finally tried to stop and inform Eric on her way through the warehouse. He just giggled at Plaintiff and said, "That is how Sam is."

v. Despite knowing of this harassment and hostile work environment, Defendant did absolutely nothing.

vi. Plaintiff was forced to accommodate herself.

    1. Plaintiff tried to avoid Mr. Thomas as much as possible but anytime she would try to walk through the kitchen he'd block her and wouldn't let her through. He would continue to say things such as, "I'd love to do something with that body," or "I love that ass."

    2. Plaintiff even tried altering her schedule. Plaintiff worked for a few days but it ultimately was not a permanent solution to her problems.

vii. On August 28, 2015, Plaintiff was forced to quit because of the continual sexual harassment and hostile work environment she experienced as a result of Defendant's complicity.

25. Plaintiff was forced to quit otherwise she would be subjected to this harassment every day.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

a. Loss of back and future wages in excess of $50,000;

b. Additional punitive damages in excess of $75,000;

c. Plaintiff's legal fees in excess of $25,000;

d. Pre-judgment and continuing interest;

e. Court costs; and

f. Other such relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

By:/s/ Stephen H. Franko, IV
Stephen H. Franko, IV
Pa. Atty. ID No. 306790
28 East Tioga Street
Tunkhannock, PA  18657
(570) 731-3000

Attorney for Plaintiff

DATED: August 1, 2016